**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| JOSE MANRIQUE-LUQUE, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | No. 25-cv-07332 |
| v. | : | |
| | : | |
| J.L. JAMISON, et al., | : | |
| Respondents. | : | |

## <u>ORDER</u>

    **AND NOW**, this 7th day of January, 2026, upon consideration of Jose Manrique-Luque's Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response (ECF No. 6), it is hereby **ORDERED** that the Petition (ECF No.1) is **GRANTED** as follows:

    1.      Mr. Manrique-Luque is not subject to detention under 8 U.S.C. § 1225(b)(2);

    2.      The Government shall **RELEASE** Mr. Manrique-Luque from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on January 8, 2026**.

    3.      If the Government chooses to pursue re-detention of Mr. Manrique-Luque pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, where an Immigration Judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

    4.      If the Government chooses to pursue re-detention of Mr. Manrique-Luque pursuant to 8 U.S.C. § 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal of Mr. Manrique-Luque from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines that Mr. Manrique-Luque is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court

to move Mr. Manrique-Luque if unforeseen or emergency circumstances arise that require him to be removed. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Mr. Manrique-Luque.[1]

The Clerk of Court shall mark this case closed.

**IT IS SO ORDERED**.

BY THE COURT:

*/s/ John Milton Younge*
**Judge John Milton Younge**

---

[1]    The recitation of facts contained in this paragraph is drawn from Mr. Manrique-Luque's Petition for Writ of Habeas Corpus, ECF No. 1 ("Pet. for Habeas Corpus"), and is not disputed by the Government for the purposes of resolving this Petition, ECF No. 6 at 3. Mr. Manrique-Luque is a native of Venezuela. Pet. for Habeas Corpus ¶ 18. He and his family were politically persecuted in Venezuela by the regime of Nicolas Maduro. *Id.* On July 25, 2025, Mr. Manrique-Luque entered the United States via the U.S. Border with Mexico. *Id.* ¶ 19. Officials from Customs and Border Patrol ("CBP"), a sub-agency of DHS, detained Mr. Manrique-Luque upon entry. *Id.* After a brief period of detention Mr. Manrique-Luque was released on parole into the United States. *Id.* ¶ 20. He was subsequently issued a Notice to Appear charging him as removable from the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) ("A [non-citizen] present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible"). *Id.* at Ex. B. The Notice to Appear ordered that Mr. Manrique-Luque appear at the Philadelphia Immigration Court for an initial hearing on a time and date to be set. *Id.* ¶ 20. Mr. Manrique-Luque settled in Hatfield, PA. *Id.* ¶ 21. Mr. Manrique-Luque submitted an application for Asylum with the Department of Homeland Security. *Id.* ¶ 22. On two occasions prior to his arrest Mr. Manrique-Luque reported to the ICE office in Philadelphia, PA for a check-in without incident. *Id.* ¶ 23. On December 17, 2025, Mr. Manrique-Luque attended a check-in at the ICE office in Philadelphia, PA. *Id.* ¶ 24. Without warning, an ICE official took Mr. Manrique-Luque into custody and transported him to FDC, Philadelphia, where he remains detained. *Id.*

Petitioner argues that his detention is a violation of the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, 8 U.S.C. § 1226(a), Bond Regulations, 8 C.F.R. §§ 236.1, 1236.1, 1003.19, and the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.* The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the

opportunity for a bail hearing under 8 U.S.C. § 1225(b) because that provision applies only to non-citizens who are "seeking admission" to the United States, rather than non-citizens who are already in the United States pending the outcome of immigration proceedings. The Government argues that the Court should deny the Petition because (1) this Court lacks jurisdiction to intervene in Petitioner's removal proceedings, (2) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (3) Petitioner's detention does not violate Constitutional due process requirements. ECF No. 6.

The Government candidly acknowledges that the substantial weight of district court authority has rejected its arguments and that the primary purpose of the Government's briefing is to tee up a potential appeal. *Id.* at 1–2 (noting that the 46 decisions on these issues in this district have unanimously rejected the Government's arguments); *see also Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (noting that of 288 district court decisions from across the country to have addressed the Government's interpretation of the Immigration and Nationality Act, all but six have rejected the Government's argument.)

The Court finds no reason to reiterate the reasoned analyses thoroughly and appropriately rejecting the Government's positions. *See e.g.*, *Demirel*, 2025 WL 3218243; *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025). Mr. Manrique-Luque's is not subject to 8 U.S.C. § 1225(b)(2), and thus his detention without the opportunity for a bail hearing is unlawful.